UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BARTHOLOMEW L. JONES,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>EMERSON INSURANCE,<br><br>　　　　　　　　Defendant. | Case No. 3:25-cv-05677-TMC<br><br>ORDER TO AMEND COMPLAINT OR COMPLAINT WILL BE DISMISSED UNDER 28 U.S.C. § 1915(E)(2)(B) |

　　　　This matter is before the Court at the recommendation of Magistrate Judge Grady J. Leupold in his Order Granting Motion for Leave to Proceed In Forma Pauperis. Dkt. 6. On July 31, 2025, Plaintiff Bartholomew L. Jones filed his complaint against Emerson Insurance, and moved for leave to proceed *in forma pauperis* ("IFP"). Dkt. 1. Judge Leupold granted Mr. Jones's application to proceed IFP but recommended review of the complaint because "it does not appear Plaintiff has adequately stated a claim." Dkt. 6 at 1. Having reviewed Mr. Jones's complaint, the Court finds that the complaint does not identify any basis for federal jurisdiction. Plaintiff is ordered to file a proposed amended complaint within 21 days of this order. If Plaintiff fails to do so, the Court will dismiss his case without prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

## I.   LEGAL STANDARD

The Court must subject each civil action commenced under 28 U.S.C. § 1915(a) to mandatory screening and order the dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss an IFP complaint that fails to state a claim).

A pro se plaintiff's complaint is to be construed liberally, but, like any other complaint, it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Unless it is clear a pro se plaintiff cannot cure the deficiencies of a complaint, the Court will provide the plaintiff with an opportunity to amend the complaint to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

## II.   REVIEW OF THE COMPLAINT

On July 31, 2025, Mr. Jones filed a complaint naming Emerson Insurance as the sole Defendant. Dkt. 1. Mr. Jones alleges that he paid Emerson for services "out of a trust fund account that Emerson Insurance has direct access to" and that Emerson failed to provide those services. Dkt. 7 at 1. Mr. Jones describes Emerson as a multi-faceted "secretarial do-all

company" that serves as a "communication[] routing hub" facilitating "voice imprint banking and accounting, real estate payments, background checks, [etc.]" *Id*. at 1–2. Mr. Jones claims that Emerson "is to provide medical insurances along with a periodic[] psychological evaluation with a full background check for court usage because of railroad entitlements." *Id*. at 2. Mr. Jones seeks reimbursement of the money he paid for these services and to "reset [his] secretarial section and service with court order." *Id*. Mr. Jones also seeks recovery for emotional and psychological harm "from lack of medication." *Id*.

### III. DISCUSSION

District courts must establish that they have subject matter jurisdiction to hear a case. *See United Invs. Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966–67 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments" and it has an obligation to establish subject matter jurisdiction "*sua sponte*, whether the parties raised the issue or not"). "[T]he burden of establishing [jurisdiction] rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A party may claim that a federal court has subject matter jurisdiction based on either diversity or a federal question. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

For diversity jurisdiction, the plaintiff must allege that the parties are completely diverse (typically meaning the plaintiffs and defendants are citizens of different states) and that the amount in controversy is greater than $75,000. *See* 28 U.S.C. § 1332(c); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

For federal question jurisdiction, the question turns on whether the complaint contained a claim that "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction arises only if the complaint "affirmatively allege[s] a

ORDER TO AMEND COMPLAINT OR COMPLAINT WILL BE DISMISSED UNDER 28 U.S.C. § 1915(E)(2)(B) - 3

federal claim." *Retail Prop. Tr. v. United Broth. of Carpenters & Joiners of Am.*, 768 F.3d 938, 947 (9th Cir. 2014) (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)).

Mr. Jones's complaint (Dkt. 7) does not identify a basis for the Court to have jurisdiction. For example, although Mr. Jones alleges that he resides in Washington and Emerson resides in Texas, he does not describe the amount he paid for Emerson's services, the severity and frequency of the alleged emotional and psychological harm, or any other facts demonstrating the amount of damages owed to him by Emerson. Dkt. 7 at 1–2. Nor does Mr. Jones allege a claim under federal law. But this is an error that can be corrected. Unless it is clear a pro se plaintiff cannot cure the deficiencies of a complaint, the Court will provide the plaintiff with an opportunity to amend the complaint to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

## IV.   CONCLUSION

The Court thus ORDERS Mr. Jones to file a proposed amended complaint within 21 days of this order. If Mr. Jones fails to do so, or if the proposed complaint still fails to contain a basis for the Court's jurisdiction, the Court will dismiss the complaint without prejudice.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 24th day of September, 2025.

Tiffany M. Cartwright
United States District Judge