UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BARTHOLOMEW L. JONES,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>EMERSON INSURANCE,<br><br>　　　　　　Defendant. | Case No. 3:25-cv-05677-TMC<br><br>ORDER DIRECTING SERVICE AND DENYING MOTION FOR DISCOVERY |

Mr. Bartholomew L. Jones is proceeding with a civil action *pro se* and *in forma pauperis*. Dkts. 1, 6. Pursuant to Federal Rule of Civil Procedure 4(c)(3), the Court will assist Mr. Jones with service of process. The Court, having reviewed Mr. Jones's amended complaint (Dkt. 10), hereby ORDERS as follows:

(1)　Service by Clerk

The Clerk is directed to send the following to Defendant Emerson Insurance by first class mail: a copy of plaintiff's amended complaint, a copy of this Order, two copies of the notice of lawsuit and request for waiver of service of summons, a waiver of service of summons, and a return envelope, postage prepaid, addressed to the Clerk's Office.

- The mailing address for Emerson Insurance is: 1905 Rickety Lane, Tyler, TX 75703.

ORDER DIRECTING SERVICE AND DENYING MOTION FOR DISCOVERY - 1

Dkt. 10 at 1.

(2)    <u>Response Required</u>

Defendant(s) shall have **thirty (30) days** within which to return the enclosed waiver of service of summons. A defendant who timely returns the signed waiver shall have **sixty (60) days** after the date designated on the notice of lawsuit to file and serve an answer to the complaint or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure.

A defendant who fails to timely return the signed waiver will be personally served with a summons and complaint, and may be required to pay the full costs of such service, pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure.

(3)    <u>Filing and Service by Parties, Generally</u>

All attorneys admitted to practice before this Court are required to file documents electronically via the Court's CM/ECF system. Counsel are directed to the Court's website, www.wawd.uscourts.gov, for a detailed description of the requirements for filing via CM/ECF. All non-attorneys, such as *pro se* parties and/or prisoners, may continue to file a paper original with the Clerk. All filings, whether filed electronically or in traditional paper format, must indicate in the upper right-hand corner the name of the judge to whom the document is directed.

(4)    <u>Motions, Generally</u>

Any request for court action shall be set forth in a motion, properly filed and served. Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document. The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the Court's motion calendar.

Stipulated and agreed motions, motions to file over-length motions or briefs, motions for reconsideration, joint submissions pursuant to the option procedure established in LCR 37(a)(2),

ORDER DIRECTING SERVICE AND DENYING MOTION FOR DISCOVERY - 2

motions for default, requests for the clerk to enter default judgment, and motions for the court to enter default judgment where the opposing party has not appeared shall be noted for consideration on the day they are filed. *See* LCR 7(d)(1). All other non-dispositive motions shall be noted for consideration no earlier than 21 days after filing and service of the motion. *See* LCR 7(d)(3). All dispositive motions shall be noted for consideration no earlier than 28 days after filing and service of the motion. *Id*. Parties shall consult the Local Civil Rules for deadlines for opposition and reply briefs.

(5)     Mr. Jones's Motion for Discovery

Mr. Jones filed a motion for discovery on August 27, 2025, asserting that Defendant possesses and should produce certain records such as Plaintiff's bank account information, trading accounts, trust funds, leases, and publicly accessible documents like court records. Dkt. 8.

Discovery must be conducted in accordance with the rules of discovery as set forth in Rules 26–37 of the Federal Rules of Civil Procedure, not through motion practice. Moreover, pursuant to Rule 5(d)(1) of the Federal Rules of Civil Procedure, discovery requests and responses thereto are not to be filed with the Court until they are to be used in the proceeding or until the Court orders that they be filed. As it appears the purpose of Plaintiff's motion (Dkt. 8) is simply to obtain discovery, it is not properly before the Court and therefore DENIED.

Instead, Mr. Jones may send discovery requests directly to Defendant pursuant to the discovery plan agreed upon by the parties in their Rule 26(f) conference and the limitations of Rule 26(b). The discovery process generally may not begin until after the parties have their Rule 26(f) conference. *See* Fed. R. Civ. P. 26(d)(1). To the extent Mr. Jones is asking the Court to allow discovery before the Rule 26(f) conference has occurred, he has not shown good cause for expedited discovery and that request is denied.

(6)     The Clerk is directed to send copies of this Order and the Court's *pro se* instruction sheet to plaintiff.

Dated this 6th day of October, 2025.

Tiffany M. Cartwright
United States District Judge